UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO:

| | |
|---|---|
| DAVID SIMPSON and ELIZABETH SIMPSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) COMPLAINT ) ) |
| KENNETH SPENCER and AVERITT EXPRESS, INC., | ) ) ) |
| Defendants. | ) ) |

NOW COME the Plaintiffs, by and through their undersigned counsel, and complain of the Defendants as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Plaintiff David Simpson is a citizen and resident of Danville, Boyle County, Virginia.

2. Plaintiff Elizabeth Simpson is a citizen and resident of Danville, Boyle County, Virginia.

3. Upon information and belief, at all times pertinent to this Complaint, Defendant, Kenneth Spencer ("Spencer"), was an Indiana resident with an address of 1836 E. Cross Road, Madison, Indiana 47250.

4. Defendant, Averitt Express, Inc. ("Averitt"), is a Tennessee corporation authorized to transact business within the state of North Carolina. Its Registered Agent for service of process is Cogency Global, Inc., 212 S. Tyron Street, Charlotte, North Carolina 28281.

5. That the motor vehicle wreck which is the subject of and from which this lawsuit arises occurred in the state of North Carolina, County of Haywood.

1

6. That Plaintiffs further allege the amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and this Court has original jurisdiction of this action pursuant to 28 U.S.C. 1332, and the claims embodied within this Complaint exist between citizens of different states.

## FACTUAL BACKGROUND

7. On or about August 15, 2018, at about 2:19 p.m., Plaintiff David Simpson was lawfully operating his 2013 Jaguar in an easterly direction along Interstate 40 in Waynesville, Haywood County, North Carolina. Plaintiff Elizabeth Simpson was riding as a passenger in the front passenger seat in said vehicle.

8. At the same time and location, Defendant Spencer was operating a commercial vehicle ("tractor trailer"), owned by Defendant Averitt, in an easterly direction along Interstate 40 and in a lane adjacent to the Plaintiffs' vehicle.

9. Defendant Spencer then negligently and carelessly drove his vehicle into the vehicle in which Plaintiffs were riding, causing the vehicles to collide and then forcing the Plaintiffs' vehicle into a guardrail.

10. At all relevant times, Defendant Spencer was in the scope and course of his employment with Defendant Averitt.

11. As a direct and proximate result of the negligence and carelessness of Defendant Spencer in the operation of his vehicle, Plaintiffs have suffered severe and permanent injuries.

## FOR A FIRST CAUSE OF ACTION
**(Negligence of Defendant Spencer)**

12. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporates the same by reference.

13. At all relevant times, Defendant Spencer had statutory and common law duties to the public, including the Plaintiffs, to operate the tractor-trailer truck in a safe, lawful and prudent manner and further, to insure that the truck he was operating was functioning in a safe and proper manner, and in compliance with state and federal laws regarding commercial motor vehicles.

14. Defendant Spencer was negligent in one or more of the following particular acts or omissions:

    a. In failing to reduce the speed of his vehicle in order to avoid the collision with the Plaintiffs' vehicle;

    b. In failing to properly inspect and maintain the tractor trailer;

    c. In failing to drive the tractor trailer entirely within his lane of travel in violation of N.C.G.S. § 20-146;

    d. In failing to keep a proper lookout;

    e. In failing to maintain proper control over the tractor trailer;

    f. In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

    g. In switching lanes of travel without first ascertaining that said movement could be completed safely in violation of N.C.G.S. § 20-146;

    h. In failing to yield the right of way to Plaintiffs' vehicle;

    i. In operating the tractor trailer in violation of the North Carolina and federal safety statutes;

    j. In failing to operate the tractor trailer in a reasonable manner under the circumstances then and there existing;

k. In operating the tractor trailer at an excessive speed;

l. In other ways not enumerated.

15. The negligent acts and other omissions of Defendant Averitt were a proximate cause of the motor vehicle collision and the damages suffered by Plaintiffs described further herein.

## FOR A SECOND CAUSE OF ACTION
*(Respondeat Superior and Vicarious Liability of Defendant Averitt)*

16. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporate the same by reference.

17. At all relevant times, Defendant Spencer was acting as the agent, servant, and/or employee of Defendant Averitt and within the scope of the agency and/or employment.

18. The negligence and other tortious acts of its driver, Defendant Spencer, are imputed to Defendant Averitt.

## FOR A THIRD CAUSE OF ACTION
**(Negligence Per Se, All Defendants)**

19. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporate the same by reference.

20. Each of the Defendants had a duty to comply with the Federal Motor Carrier Safety Act, 49 CFR § 390 *et seq.*, 14B N.C.A.C. 07C.0101 *et seq.,* and any and all other relevant statutes and/or regulations. However, the Defendants breached each of the aforementioned statues and administrative regulations, and the Plaintiffs are entitled to pursue a civil action for damages due to Defendants' statutory and administrative regulation violations.

21. The Defendants' violations of the aforementioned statutes and/or administrative regulations were the direct and proximate cause of the motor vehicle collision and Plaintiffs' resulting damages.

## FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Retention by Defendant Averitt)

22. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporate the same by reference.

23. Defendant Averitt had a duty to exercise ordinary care and to comply with all relevant statutes and administrative regulations regarding the hiring, training, supervision and retention of Defendant Spencer. Defendant Averitt breached these duties.

24. The negligent acts and other omissions of Defendant Averitt were a proximate cause of the motor vehicle collision and the damages suffered by Plaintiffs described further herein.

## FOR A FIFTH CAUSE OF ACTION
### (Loss of Consortium)

25. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporate the same by reference.

26. Prior to the date set out above, Plaintiff David Simpson and Plaintiff Elizabeth Simpson enjoyed a happy marriage. Plaintiffs enjoyed the love and affection of each other and reasonably anticipated many more years of conjugal happiness. As a direct result of the negligence and other acts and omissions of Defendants, Plaintiff Elizabeth Simpson was injured as set out above and is no longer able to function in her full capacity as a marriage partner to Plaintiff David Simpson, and Plaintiff David Simpson is thereby deprived of Plaintiff Elizabeth Simpson's society, companionship, sexual fulfillment and affection.

## FOR A SIXTH CAUSE OF ACTION
### (Punitive Damages)

27. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporate the same by reference.

28. The conduct of the Defendants, individually and collectively, as described above constitutes a willful and wanton disregard for the rights and safety of the public, including the Plaintiffs, and further constitutes gross negligence.

29. Plaintiffs are entitled to recover punitive damages from Defendants pursuant to N.C.G.S. §1D-35 *et seq*.

## CAUSATION AND DAMAGES

30. Plaintiffs readopt and reiterate each and every allegation as if set forth fully herein and incorporates the same by reference.

31. That, as a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs sustained severe, painful, and permanent injuries to their bodies; the Plaintiffs have incurred expenses for the treatment and care of these injuries and are likely to continue to incur medical expenses in the future for the treatment of said injuries; the Plaintiffs are expected to incur lost wages in the future and/or the potential to earn income, and the Plaintiffs have suffered physical and emotional pain and suffering and are expected to continue to incur emotional pain and suffering, and Plaintiffs have out-of-pocket expenses and a decrease in enjoyment of life. Further, Plaintiff David Simpson has been deprived of the society, companionship and affection of Plaintiff Elizabeth Simpson

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

1. That Plaintiffs have and recover against Defendants all such monetary relief, injunctive relief and equitable relief to which Plaintiffs may be entitled under the law, including, but not limited to compensation for mental anguish, emotional distress, past and future medical expenses, past and future lost wages, past and future pain and suffering, punitive damages, legal fees and other out of pocket expenses in an amount in excess of $75,000;

2. To the extent allowable by law, that Defendants be held jointly and severally liable;

3. That judgment against Defendants bear interest from the institution of this action or earlier as provided by law;

5. That the costs of this action, including reasonable attorney's fees as allowed by law, be taxed against Defendants;

7. That the Court grant a trial by jury on all issues so triable;

8. For such other and further relief as may be deemed appropriate by the Court.

This the 16th day of July, 2021.

/s/ Ruth C. Smith
Attorney for Plaintiffs
79 Woodfin Place, Suite 103
Asheville, NC 28801
(828) 367-7998 (ph.)
(828) 367-7991 (fax)
ruth@mywncattorney.com